**Priscilla BOSKO, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. Civ.A. 95–1608.**

United States District Court, W.D. Pennsylvania.

Aug. 28, 1996.

Charles J. Hilton, Pittsburgh, PA, for Priscilla Bosko.

Paul E. Skirtich, U.S. Attorney's Office, Pittsburgh, PA, for Donna E. Shalala.

**MEMORANDUM OPINION**

LEE, District Judge.

## I. INTRODUCTION

Plaintiff, Priscilla Bosko ("Plaintiff"), brings this action pursuant 42 U.S.C. § 405(g) of the Social Security Act ("Act"). Plaintiff seeks review of the final determination of the Secretary of Health and Human Services ("Secretary"), denying Plaintiff's application for Medicare benefits under Title XVIII of the Act for a proposed autologous bone marrow transplant [1] ("ABMT") for her condition of chronic myelogenous leukemia, also known as chronic granulocytic leukemia.

In August, 1989, the Secretary of Health and Human Services issued a formal ruling, section 35–30 of the Medicare Coverage Issues Manual, stating that "insufficient data exist to establish definite conclusions regarding the efficacy" of ABMT for chronic myelogenous leukemia ("CML") and, thus, ABMT is not considered "reasonable and necessary" within the meaning of the Medicare law and "is **not** covered under Medicare" for the treatment of CML. 54 Fed.Reg. 34555, 34567 (emphasis added). Plaintiff contends that section 35–30 is not currently supported by substantial medical evidence

---

**1.** In an autologous bone marrow transplant, *the* patient's own bone marrow is removed and later readministered after chemotherapy. *See* Public

Health Service Reassessment—Autologous Bone–Marrow Transplantation (1988), Plaintiff's Exhibit C.

and, therefore, the Secretary's decision, relying upon section 35–30, is not based on substantial evidence and should be reversed.

The parties have filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (See **Documents Nos. 7 and 9.**) For the reasons stated, plaintiff's motion for summary judgment will be denied and defendant's motion for summary judgment will be granted.

## II. BACKGROUND

Medicare, established in 1965 under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 through 1395ccc, is a federally subsidized health insurance program administered by the Secretary and consists of two parts, Part A and Part B. *See* 42 U.S.C. § 1395 through 1395ccc. Part A is a mandatory hospital insurance program financed through employment taxes. Part B is a voluntary supplemental medical insurance program financed through monthly fees charged to those opting for the service.

Part A, the portion at issue here, provides limited medical coverage for persons who are disabled or are under the Social Security Retirement Program. 42 U.S.C. § 1395. It provides insurance for the cost of hospital and related post-hospital services, but precludes reimbursement for any "items or services ... which are not reasonable and necessary for the diagnosis or treatment of illness or injury." 42 U.S.C. § 1395y(a)(1). Since 1977, the Medicare policy has explicitly excluded from coverage services which are "experimental" or "investigational." [2] *See* Part A Intermediary Letter, No. 77–4, January 1977.

Part A is administered by the Secretary through "intermediaries," insurance companies under contract with the Secretary who both review beneficiary claims and determine the amounts to be paid for the medical services. 42 U.S.C. § 1395h. An individual dissatisfied with the decision of an intermediary is entitled to an administrative hearing before the Secretary and to judicial review. 42 U.S.C. § 1395ff(b)(1).

The Health Care Financing Administration ("HCFA"), which runs Medicare, issues a "national coverage decision" to indicate to intermediaries whether a particular technology is covered. HCFA's analysis involves searching the medical literature, meeting with interested parties, consulting its own panel of physicians, and seeking input from other agencies. HCFA will then make a coverage decision and invite public comment. 54 Fed.Reg. 4302, 4308 (January 30, 1989).

"At any time after publication of a Medicare coverage instruction, interested parties may request reconsideration and submit evidence demonstrating that a reassessment of that coverage decision is warranted." *Id.* Additionally, reevaluation of a service might occur when the publication of new clinical studies in medical literature indicate that those findings are not consistent with the existing Medicare coverage policy. *Id.*

In August, 1989, the Secretary, through the HCFA, issued a national coverage decision, section 35–30(c)(2), instructing that ABMT for treatment of CML was a noncovered condition and no payment was to be made for Medicare claims arising out of this procedure. It concluded that the procedure, when used for CML, "is not considered reasonable and necessary" within the meaning of the Medicare Act. 54 Fed.Reg. 34555, 34567.

Section 35–30(c)(2) states, in pertinent part:

2. *Noncovered Conditions.*—Insufficient data exist to establish definite conclusions regarding the efficacy of autologous bone marrow transplantation for the following conditions:

. . .

* **Chronic granulocytic leukemia** [ICD–0CM code 205.1]; or

. . .

---

2. In determining whether a particular service is experimental or investigational, a basic consideration of Medicare "is whether the service has come to be generally accepted by the professional medical community as an effective and proven treatment for the condition for which it is being used.... [I]f the service or treatment is not yet generally accepted, is rarely used, novel or relatively unknown, then authoritative evidence must be obtained that it is safe and effective before Medicare may make payment." *Rush v. Parham*, 625 F.2d 1150, 1156 n. 11 (5th Cir.1980) (citations omitted).

In these cases, autologous bone marrow transplantation is not considered reasonable and necessary within the meaning of § 1862(a)(1) of the Medicare law and is not covered under Medicare for these conditions.

*Id.* (emphasis added).

Section 1862(a)(1) of the Medicare law states:

Notwithstanding any other provisions of this title, no payment may be made under Part A or Part B for any expenses incurred for items or services which ... are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

42 U.S.C. § 1395y(a)(1)(A).

## III. STATEMENT OF THE CASE

Plaintiff is a 66–year old Medicare beneficiary who has been diagnosed with chronic myelogenous leukemia ("CML"), also known as chronic granulocytic leukemia. To treat her illness, plaintiff's physician, Dr. John Lister, recommended an ABMT. On April 19, 1995, the University of Pittsburgh, where Dr. Lister practices, found that plaintiff's proposed admission for an ABMT was not a Medicare-covered service.

On April 24, 1995, Plaintiff requested an expedited review of this determination from Keystone Peer Review Organization ("Ke-PRO"), the Medicare carrier authorized to review inpatient hospital services provided to Medicare patients in the State of Pennsylvania. On April 26, 1995, KePRO issued a review decision upholding the denial of coverage. Plaintiff then requested of KePRO an expedited reconsideration determination. Such a request was granted and on April 28, 1995, a written decision was issued, upholding the original decision denying plaintiff coverage.

Plaintiff then appealed that decision to an Administrative Law Judge, Alfred J. Costanzo, who issued a decision on May 31, 1995, which again denied Medicare coverage for AMBT treatment in this case.

The ALJ determined that the national coverage determination was properly applied and noted that, under Section 1868(b)(3) of the Act, he had "no authority to authorize the services at issue." 42 U.S.C. § 1395ff(b)(3)(A). As such, the ALJ concluded that he was bound to apply the provisions of section 35–30 of the Medicare Coverage Issues Manual and found that plaintiff's request for ABMT is excluded under Medicare.

Plaintiff next sought review before the Appeals Council. On August 16, 1995, the Appeals Council issued a written decision, finding that the proposed ABMT is excluded from Medicare coverage by section 35–30 of the Medicare Coverage Issues Manual.

Pursuant to 42 U.S.C. §§ 1395ff(b)(1)(C) and (b)(2), on October 11, 1995, plaintiff filed her claim in federal court, challenging the Secretary's final decision. Plaintiff is not contending that the treatment she seeks is covered under Medicare guidelines; rather, plaintiff argues that section 35–30 is not consistent with current technology and medical opinion and, therefore, the Secretary's decision, relying upon section 35–30, is not based on substantial evidence and should be reversed.

## IV. STANDARD OF REVIEW

Under the Act, plaintiff is entitled to the same administrative process and judicial review of the Secretary's final decision as provided in 42 U.S.C. §§ 405(b) and (g). 42 U.S.C. §§ 1320c–4, 1395ff(b)(1), (3). If the Secretary's finding is supported by substantial evidence, it is conclusive and must be affirmed by the court. 42 U.S.C. § 405(g); *Wallace v. Secretary of Health & Human Servs.*, 722 F.2d 1150, 1152 (3d Cir.1983).

The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir.1988).

Review of any national coverage determination is governed by 42 U.S.C. § 1395ff(b)(3). This section provides, in pertinent part, that in cases involving national coverage determinations (i) "such a determination shall not be reviewed by any adminis-

trative law judge;" 42 U.S.C. § 1395ff(b)(3)(A) and (ii) "[i]n any case in which a court determines that the record is incomplete or otherwise lacks adequate information to support the validity of the determination, [the court] shall remand the matter to the Secretary for additional proceedings to supplement the record...." 42 U.S.C. § 1395(b)(3)(C).

## V. DISCUSSION

At each of the various stages of the review process, the decision to deny coverage was based upon section 35–30 of the Medicare Coverage Issues Manual. Plaintiff, however, asserts that she is entitled to Medicare benefits because section 35–30 is "now several years old and the assumption that ABMT is not effective is not consistent with current technology and medical opinion." Complaint, at unnumbered 5, 6. Plaintiff devotes the bulk of her memorandum and exhibits to proving the efficacy of ABMT in treating CML.

Instead of defining which procedures would be covered by Medicare, Congress sketched Medicare benefits in broad strokes; however, it specifically precluded payment of those items and services that the Secretary found were not "reasonable and necessary." 42 U.S.C. §§ 1395ff(a), 1395y(a). The Medicare statute "unambiguously vests final authority in the Secretary, and no one else, to determine whether a service is reasonable and necessary, and thus whether reimbursement should be made." *New York on behalf of Bodnar v. Secretary of Health and Human Services,* 903 F.2d 122, 125 (2d Cir. 1990).

Unfortunately, even if this plaintiff can prove that she truly needs ABMT, only the Secretary can define what is medically necessary for the purposes of providing Medicare coverage. *See* 42 U.S.C. § 1395ff(a). ("The determination of whether an individual is entitled to benefits under [Medicare] part A or part B ... shall be made by the Secretary in accordance with regulations prescribed by [her]"); *see also Heckler v. Ringer,* 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) ("The Secretary's decision as to whether a particular medical service is 'reasonable and necessary' and the means by which she implements her decision ... are clearly discretionary.").

Moreover, "the provision permitting judicial review of the Secretary's Medicare determinations requires that such review be conducted in accord with the Administrative Procedure Act." *Butler County Memorial Hosp. v. Heckler,* 780 F.2d 352, 354 (3d Cir. 1985) (citing 42 U.S.C. § 1395oo (f)(1)). The Administrative Procedure Act requires that the court uphold agency decisions unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. § 706(2)(A).

The Secretary's decision to issue a national coverage determination excluding ABMT for treating CML was based upon a complex decisionmaking process. As the Court of Appeals for the Third Circuit stated in *Butler Country Memorial Hospital,* "[l]egislators and judges are not medical specialists, and for that reason it is necessary that administrative agencies develop and apply medical expertise.... We must be cautious lest we disturb this appropriate allocation of governmental functions." 780 F.2d at 356. The Court finds that the comprehensive analysis performed at the direction of the Secretary, and the Secretary's continued reliance on this analysis, can not be said to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## VI. CONCLUSION

The Court will defer substantially to the Secretary's considered judgment here. While the Court certainly sympathizes with plaintiff, it believes that the statements of the Court of Appeals for the Seventh Circuit are appropriate: "It may be unfortunate that Congress and [the Secretary] cannot provide funds for novel [ ] procedures that may relieve pain and suffering. To be sure, adherents of the [ABMT] procedure may someday be able to demonstrate to the Secretary and to the general medical community that [AMBT for treatment of CML is medically necessary and appropriate.] Until then, however, [the Court] cannot sanction the provision of federal funds to support a [ ] procedure that the Secretary, after appropriate analysis, is unable to establish as safe and

effective." *Wilkins v. Sullivan,* 889 F.2d 135 (7th Cir.1989).